IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | FINDINGS OF FACT, CONCLUSIONS |
| Plaintiff, | ) | OF LAW AND ORDER |
| | ) | |
| vs. | ) | C/A No. 8:06-cv-02416 HFF |
| | ) | |
| Dolly Gene Miller and Martha P. | ) | |
| Miller; Household Financial | ) | |
| Corp., | ) | |
| Defendants. | ) | |

This action is brought by the United States of America to foreclose one real estate mortgage.  Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to Dolly Gene Miller and Martha P. Miller, Household Financial Corporation, I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Pickens County, South Carolina on September 6, 2006, in Book 2006LP-39, at Page 409, and defendants were duly served with a copy of the Summons and Complaint as shown by the receipt of Summons and Complaint and Affidavit of Publication on file herein.  No answer or other defense has been filed by the defendants and default was entered on **February 1, 2008** in the Office of the Clerk of Court, and no proceedings have been taken by the said defendant since entry of default.

On or about November 25, 1991, for value received, Dolly

1

Gene Miller and Martha P. Miller made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby they promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $41,500.00 with interest from date at the rate of 8.75 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $321.00 on December 25, 1991, and equal and successive installments in the sum of $321.00 thereafter on the 25th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about November 25, 1991, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Dolly Gene Miller and Martha P. Miller executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby they granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Pickens, State of South Carolina, to-wit:

> All that certain piece, parcel or lot of land
> lying and being situate in the State of South

Carolina, County of Pickens, being shown and designated as Lots A and B on plat prepared by Robert R. Spearman, Surveyor, dated October 7, 1991, reference to which is hereby made for a more complete and accurate description, and according to said plat, being thereon more fully described as follows, to-wit:

"Beginning at a point in Big Rock Lake Road, common corner with Lot C; thence along big Rock Lake Road N46-06-18W 103.50 feet; thence leaving road and running along lien with Lot 93 N27-55-20E 265.36 feet; thence along line with Lot 91 S64-32-11E 40.15 feet; thence along line with Lot 61 S56-39-32E 224.53 feet to point in E. Preston McDaniel Road; thence along said road S16-30-00W 100.00 feet; thence leaving road and running along lien with Lot CN56-30-09W 185.00 feet; S27-52-05W 194.30 feet to the point of Beginning, and being bounded on the north by Lot Nos. 91 and 61; bounded on the east by E. Preston McDaniel Road and Lot C; bounded on the south by Big Rock Lake Road; and bounded on the west by Lot 93."

This is the identical property conveyed to Dolly Gene Miller and Martha P. Miller by deed of William M. Sanders, III and Sandra R. Sanders dated November 25, 1991, recorded on November 25, 1991 in Deed Book 149, page 321 in the office of the Register of Deeds for Pickens County, S.C.

Tax Map No. 4163-00-49-8266

The mortgage was duly recorded in the Office of the Clerk of Court for Pickens County, South Carolina, on November 25, 1991, in Book 327, Page 91.

In said mortgage the defendant covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together

with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

The aforesaid note and mortgage is in default and the defendant, has failed and refused to reinstate the note account to a current status, although due demand has been made upon to do so. The plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to the plaintiff herein on the note and mortgage aforesaid is the sum of $43,638.61, as of September 8, 2004, with a daily interest accrual thereafter at the rate of $9.3ll9, as is shown in the Affidavit of Default and Amount Due on file herein.   This loan is subject to interest credit recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

The defendant, **HOUSEHOLD FINANCIAL CORPORATION**, is made a party to this action by reason of a mortgage in the amount of $59,999.69 dated April 25, 1998, recorded on April 30, 1998 in Mortgage Book 1098, Page 231, in the office of the Register of Deeds for Pickens county, S.C.  Said mortgage is junior in priority to the mortgage of the plaintiff.

4

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff.  It is, therefore,

ORDERED:  That defendants, and all persons claiming by, through and under be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Pickens County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **PROGRESS**, a newspaper regularly issued and of general circulation in Pickens County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  The plaintiff, having waived a deficiency judgment against the defendant, the bidding will not remain open

5

for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder.  The plaintiff may become a purchaser at the sale or any resale.  Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

IT IS FURTHER ORDERED:  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall within

fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s), in possession in the name of, because of the mortgagor(s), to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal **Or Sheriff** is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises.   The United States Marshal (or his deputies)**or the Sheriff** is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

S/Henry F. Floyd
UNITED STATES DISTRICT JUDGE

Spartanburg, S. C.

February __5____, 2008

7